# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

GERMAN D. RODRIGUEZ and
ELSA V. GARCIA,

      Debtors.

Case No. 08-12039-RGM
(Chapter 7)

## MEMORANDUM OPINION AND ORDER

THIS CASE is before the court on the proposed reaffirmation agreement between the debtors and VT Inc., as Trustee of World Omni LT, filed on May 29, 2008 (Docket Entry 13). The Bankruptcy Code requires that debtor's counsel make certain certifications before a reaffirmation agreement is effective in every case where there is an "attorney that represented the debtor during the course of negotiating" a reaffirmation agreement. 11 U.S.C. §524(c)(3). The debtors have been represented by counsel throughout this case. Counsel did not make certifications required by §524(c)(3) on Part C of the reaffirmation agreement.

The court agrees with Judge Huennekens that where the debtor has counsel of record, counsel must make the required certifications in order for a reaffirmation agreement to be enforceable. This is true regardless of whether counsel actually participated in the process of negotiating the reaffirmation agreement. *See In re Isom*, 2007 WL 2110318, *3 (Bankr.E.D.Va. 2007); *see also Jamo v. Katahdin Fed. Credit Union (In re Jamo)*, 283 F.3d 392, 403 (1st Cir. 2002) (rejecting a reaffirmation agreement where the debtor had counsel and counsel did not execute the certification); *Chase Auto. Fin., Inc. v. Kinion (In re Kinion)*, 207 F.3d 751, 756 (5th Cir. 2000) (same); *In re Caravajal*, 365 B.R. 631, 632 (Bankr.E.D.Va. 2007) ("[B]y accepting a chapter 7 case,

counsel is accepting all aspects of the case including counseling with respect to reaffirmation agreements").

Because counsel did not execute Part C of the agreement, it does not satisfy §524(c)(3) and is not enforceable. Court review of the agreement is not required unless counsel first makes all three certifications as required in §524(c)(3).[1]

For the foregoing reasons, it is,

ORDERED that the reaffirmation agreement is not effective.

Alexandria, Virginia
June 23, 2008

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Michael P. Valois

Copy mailed to:

German D. Rodriguez
Elsa V. Garcia
13595 Lynn Street
Woodbridge, Virginia 22191

VT Inc., as Trustee of World Omni LT
P.O. Box 991817
Mobile, Alabama 36691-8817

14333

---

[1] The reaffirmation agreement states that no presumption of undue hardship arises. While Part D of the reaffirmation agreement appears to indicate that the presumption is not applicable, the court notes that the income and expense figures reported in Part D differ from those in Schedules I and J. It is the debtors' burden to explain this discrepancy. *See* Interim Fed. R. Bankr. P. 4008 ("If there is a difference between the income and expense amounts stated on schedules I and J and the statement required under §524(k), the accompanying statement shall include an explanation of any difference.").